UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMARIEAY PRESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 24-cv-01660-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Pending before the Court is Defendants' motion to dismiss. Dkt. No. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.   BACKGROUND**

Plaintiff Emarieay Prescott filed this action against Defendants Contra Costa County, Contra Costa County Sherriff's Office, and various unidentified individual deputies on March 18, 2024.[1] *See* Dkt. No. 1 ("Compl."). According to the complaint, on March 18, 2020, Plaintiff was attacked by other inmates while awaiting trial in Contra Costa County's West County Detention Facility. *See id.* at ¶¶ 6–7. Plaintiff alleges that two deputies observed the incident but failed to intervene. *Id.* at ¶ 6. Plaintiff was taken to the emergency room, diagnosed with an orbital fracture of his right eye, and given medication. *Id.* at ¶ 8. However, weeks after the incident Plaintiff still had difficulty seeing out of his right eye and he submitted multiple grievance slips to have his eye reexamined. *Id.* at ¶¶ 9, 10. Plaintiff contends that these grievance slips went

---

[1] To date, only the County and the Sherriff's Office have been served and appeared in this case. The Court refers to these two entities as "Defendants" in the order.

1  unanswered for months, and when he finally received follow-up care he was told his right eye was
2  permanently damaged. *Id.* at ¶ 11. Based on these facts Plaintiff asserts causes of action under 42
3  U.S.C. § 1983 for failure to protect him from the attack and deliberate indifference to his medical
4  needs in violation of the Fourteenth Amendment. *See id.* at ¶¶ 13–20. Defendants have moved to
5  dismiss the complaint. Dkt. No. 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*,

1  68 F.3d 1204, 1206 (9th Cir. 1995)).

2  **III.  DISCUSSION**

Defendants argue that Plaintiff's *Monell* claims against the County and Sheriff's Office are not adequately pled, and that in any event the complaint is barred by the statute of limitations. *See* Dkt. No. 14 at 4–7.

### A.  *Monell* Claims

Plaintiff appears to acknowledge that he has not pled enough facts to state a claim against Defendants and simply seeks leave to amend the complaint. *See* Dkt. No. 16 at 3. The Court therefore **GRANTS** the motion to dismiss as to the *Monell* claims.

### B.  Statute of Limitations

Section 1983 does not contain its own limitations period. Instead, "the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78 (2004)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California, there is a two-year statute of limitations for personal injury actions. *See* Cal. Civ. Proc. Code § 335.1. However, a federal court must also give effect to a state's tolling provisions when applicable. *See Hardin v. Straub*, 490 U.S. 536, 538, 544 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419–20 (9th Cir. 1986).

Here, Defendants argue that the statute of limitations ran, at the latest, on March 18, 2022—two years after Plaintiff was attacked by other inmates at the jail. But Plaintiff did not file this action until four years after the incident occurred, on March 18, 2024. Nevertheless, Plaintiff urges that the statute of limitations was tolled for two years because he was incarcerated at the time the cause of action accrued. *See* Dkt. No. 16 at 3–10. California Civil Procedure Code § 325.1 provides:

> If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the

3

commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a). The parties disagree as to whether § 352.1 applies only to state prisoners or also extends to county jail inmates.

When deciding a question of California law, the Court "must apply the law as it believes the California Supreme Court would apply it." *See Gravquick A/S v. Trimble Navigation Int'l, Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "In the absence of a controlling California Supreme Court decision, the [Court] must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Id.* The California Supreme Court has not addressed whether § 352.1 applies to county jail inmates, and there are conflicting cases from the California Court of Appeal and the Ninth Circuit on this issue. The parties dispute whether this Court is bound to follow the Ninth Circuit's published interpretation or whether it should follow a later California Court of Appeal case. *Compare* Dkt. No. 16 at 6–7, *with* Dkt. No. 17 at 2–3.

In *Elliott v. City of Union City* the Ninth Circuit first considered whether California law tolls a statute of limitations when an individual is continuously incarcerated while awaiting trial and sentencing in county jail. 25 F.3d 800, 802 (9th Cir. 1994). The Court interpreted California Civil Procedure Code § 352(a)(3), the predecessor of the provision at issue here, and concluded that such tolling applies equally to individuals held in both county jails and state prisons. *Id.* at 802–03.

Much like § 352.1, the former § 352 stated:

> If a person entitled to bring an action . . . be, at the time the cause of action accrued . . . *[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life*[,] the time of such disability is not a part of the time limited for the commencement of the action.

Cal. Civ. Proc. Code § 352(a)(3) (1994) (emphasis added).[2] The Ninth Circuit considered the

---

[2] This former version of § 352(a) tolled the statute of limitations indefinitely. The statute now only tolls the statute of limitations for two years. The relevant language of the statutes is otherwise identical. *Compare* Cal. Civ. Proc. Code § 352(a)(3) (1994), *with* Cal. Civ. Proc. Code § 352.1; *cf. Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 6–7 (Cal. Ct. App. 2016) (applying judicial

4

1    meaning of "imprisoned on a criminal charge," and explained that limiting this language to refer
2    only to confinement in an actual prison "would make [the statute] self-contradictory, since it refers
3    to being held 'on a criminal charge,' i.e., prior to conviction." *Elliott*, 25 F.3d at 802, n.2.  The
4    Court noted that this interpretation was further buttressed by the rest of the provision since "[i]t is
5    the second phrase, 'in execution under sentence of a criminal court,' that covers post-conviction
6    incarceration, i.e., confinement in an actual prison." *Id.*  The Ninth Circuit also reasoned that the
7    purpose of the tolling statute "would be ill-served by creating an arbitrary distinction between pre-
8    and post-arraignment incarceration" since "they apply to prisoners in recognition of their more
9    limited ability to investigate their claims, to contact lawyers and to avail themselves of the judicial
10   process." *Id.* at 802–03 (citations omitted).  And "[a] person held in police custody prior to
11   arraignment is faced with the same limitations as someone in custody after arraignment." *Id.* at
12   803.

13          The California Court of Appeal later interpreted § 352.1 in *Austin v. Medicis*, 21 Cal. App.
14   5th 577 (Cal. Ct. App. 2018).  The court in *Austin* concluded that the meaning of "imprisoned on a
15   criminal charge" was ambiguous, and looked to the legislative history to determine its meaning.
16   The court found that "the legislative history materials mention[ed] only those inmates"
17   incarcerated in state prison. *Id.* at 596.  The court accordingly held that an individual is only
18   "imprisoned on a criminal charge" within the meaning of § 352.1 if he or she is "serving a term of
19   imprisonment in the state prison." *Id.* at 597.  Because the plaintiff in *Austin* "was in pretrial
20   custody" when the cause of action accrued, he was not "imprisoned on a criminal charge" and
21   § 352.1 did not apply to toll the relevant statute of limitations. *Id.*

22          In the years since *Austin*, district courts have grappled with whether to follow *Elliott* or
23   *Austin*. *See, e.g.*, *Ruiz v. Ahern*, No. 20-CV-01089-DMR, 2020 WL 4001465, at *4–5 (N.D. Cal.
24   July 15, 2020) (collecting cases); *cf. Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553,
25   554 (9th Cir. 2020) (applying *Austin* without reference to or discussion of *Elliott*).  Here,
26   Defendants suggest, with little explication, that *Elliott* is no longer binding on this Court in light of
27
28   constructions of former § 352 to § 352.1).

5

*Austin*. *See* Dkt. No. 14 at 6–7; Dkt. No. 17 at 2–3. However, while the *Austin* court may have found that *Elliott* was "unpersuasive," *Austin*, 21 Cal. App. 5th at 537 n.5, this Court is not free to simply ignore *Elliott*. In general, "[o]nce a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). As the Ninth Circuit has explained, "[b]inding authority must be followed unless and until overruled by a body competent to do so." *Id.* at 1170; *cf. Johnson v. Symantec Corp.*, 58 F. Supp. 2d 1107, 1111 (N.D. Cal. 1999) ("Although a circuit court's prediction of state law is not binding in the same way as is its definitive interpretation of federal law, as a practical matter a circuit court's interpretations of state law must be accorded great deference by district courts within the circuit.").

Defendants do not cite, and the Court is unaware of, authority that would permit this Court to ignore *Elliott* based on an intervening California Court of Appeal case. The Ninth Circuit has cautioned that only in cases of "clear irreconcilability" can district courts "consider themselves bound by [an] intervening higher authority and reject [a] prior opinion of [the Ninth Circuit] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). Even if *Austin* is "clearly irreconcilable" with *Elliott*, the California Court of Appeal is not a "higher authority," even on matters of state law. Rather, "[t]he California Supreme Court is the ultimate interpreter of California state law." *See Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028–29 (9th Cir. 2000); *see also Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) ("Decisions of the six district appellate courts are persuasive but do not bind each other or us."); Dkt. No. 17 at 3 (acknowledgment by Defendants in their brief that "decisions of the California Courts of Appeal are not binding on federal district courts . . . .").

The Court understands that the Ninth Circuit has reasoned that it should "nevertheless follow a published intermediate state court decision regarding California law unless [it is] convinced that the California Supreme Court would reject it." *Muniz*, 738 F.3d at 219. In *Owen v. United States*, for example, the Ninth Circuit reconsidered its interpretation of the good faith settlement provision of California law in light of two recent decisions from California Courts of Appeal, which "cast a new light on the question . . . ." 713 F.2d 1461, 1464 (9th Cir. 1983). In

6

doing so, the Court stated that its prior interpretation of the California statute "was only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect." *Id.* The Court closely considered the California cases and its own precedent, and ultimately concluded that "this case presents one of those rare instances where convincing evidence exists that the highest court of a state will not follow the result reached by some of that state's inferior appellate courts." *Id.*; *see also In re Watts*, 298 F.3d 1077, 1082–83 (9th Cir. 2002).

It does not follow, however, that district courts may reconsider—and disregard—the Ninth Circuit's interpretation of state law in a published opinion based solely on a subsequent California Court of Appeal case. In other words, even assuming that a panel of the Ninth Circuit might be authorized to decline to follow *Elliott* based on *Austin*, this Court is not the Ninth Circuit, and it simply is not free to cast aside that court's binding decisions unless the strict requirements reflected in *Miller v. Gammie* and related authority are met.[3]

In any event, even if it were free to consider disregarding *Elliott* based on *Austin*, the Court is not persuaded by Defendants' cursory suggestion that *Austin* undermines the reasoning in *Elliott*. *See* Dkt. No. 14 at 6–7; Dkt. No. 17 at 2. As an initial matter, the *Austin* case does not substantively wrestle with *Elliott*. It dismissed *Elliott* in a single sentence as "unpersuasive" because it "predated the enactment of section 352.1, [so] the *Elliott* court did not have the benefit of the legislative findings on this subject." *Austin*, 21 Cal. App. 5th at 590, n.4. But as explained in footnote 2 above, the statutes considered by the courts in *Elliott* and *Austin* are nearly identical. "[T]he only difference between the prior and current versions [of the statute] is the length of the tolling period, which does not undermine *Elliott's* reasoning." *Ruiz*, 2020 WL 4001465, at *5. Moreover, the *Elliott* court's interpretation of "imprisoned on a criminal charge" appears

---

[3] And as one Ninth Circuit judge has pointed out, even at the court of appeal level, the presumption that intervening state intermediate appellate decisions warrant overruling binding circuit precedent can pose practical and doctrinal problems. *See In re Watts*, 298 F.3d at 1085 (O'Scannlain, J., concurring) (noting that "[o]ne never knows, after all, when the other shoe will drop and another state court will take the opposite position," and querying "[a]re we to revisit [Ninth Circuit] rulings each time the weight of authority shifts?"). For obvious reasons, these concerns apply with even greater force at the district court level.

7

1    consistent with the plain meaning of the statute. The *Austin* court's interpretation, on the other
2    hand, appears to sidestep the plain meaning of the statute in favor of scrutinizing its legislative
3    history.
4         Recently, in *Mosteiro v. Simmons*, the Ninth Circuit addressed this tension directly in an
5    unpublished opinion, and similarly concluded that *Elliott*—not *Austin*—remains the best
6    prediction of how the California Supreme Court would rule. No. 22-16780, 2023 WL 5695998, at
7    *1 (9th Cir. Sept. 5, 2023).[4] The Court finds its detailed analysis persuasive.
8         In rejecting the conclusion in *Austin*, the *Mosteiro* court concluded that the state court's
9    analysis violated basic principles of statutory interpretation. *Id.* at *2. Specifically, the *Austin*
10   court looked to the meaning of "imprisoned" in isolation, disregarding the rest of the statute,
11   which states that tolling applies to anyone "imprisoned on a criminal charge, or in execution under
12   the sentence of a criminal court for a term less than life." *Id.* The *Mosteiro* court explained that a
13   "criminal charge" ordinarily refers to "the specific crime the defendant is accused of committing"
14   in a complaint, information, or indictment. *Id.* Therefore, the statute "plainly encompasses pre-
15   trial detention" when an individual is imprisoned on, but not yet convicted of, such charges. *Id.*
16   The *Austin* court's reading of the statute would also render superfluous the rest of the provision,
17   which provides for post-conviction tolling when a person is imprisoned "in execution under the
18   sentence of a criminal court for a term less than for life." *Id.* at 3. Because the meaning of the
19   statute is clear on its face, the *Mosteiro* court emphasized that there was no reason to consult
20   legislative history at all. *Id.*
21        The *Mosteiro* court also pointed out that *Austin* conflicts with an earlier California Court of
22   Appeal decision, *Bledstein v. Superior Court*, 162 Cal. App. 3d 152, 169 (Cal. Ct. App. 1984),
23   which held that the tolling provision of § 352 applies to someone in a federal halfway house. *Id.*
24   at *3, & n.4. The *Bledstein* court reasoned that its holding was consistent with the statute's
25   underlying policy as well as the plain meaning of the statute: "With respect to retaining a tolling
26   provision for prisoners, it would appear . . . the Legislature was motivated at least in part by a

---

[4] As an unpublished Ninth Circuit decision, *Mosteiro* itself is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

1  recognition of the practical, as well as the legal, difficulties prisoners face in instituting and

2  prosecuting suits." *Id.* at 171 (cleaned up).  Even if California Court of Appeal decisions offer

3  important insight into how the California Supreme Court would rule on a matter of state law,

4  Defendants here offer no persuasive reason why *Austin* should be elevated over *Bledstein*.  To the

5  contrary, Defendants do not acknowledge the *Bledstein* decision at all.

6        In short, even if this Court were free to decide whether to follow *Elliott* or *Austin*, "this

7  case presents one of those rare instances where convincing evidence exists that the highest court of

8  a state will not follow the result reached by some of that state's inferior appellate courts."  *Owen*,

9  713 F.2d at 1465.  The Court finds that *Elliott* remains good law and best predicts how the

10 California Supreme Court would interpret § 352.1(a).[5]  *Accord Moore v. Butte County*, No. 2:22-

11 CV-01517-DJC-JDP (PC), 2024 WL 2853263, at *1 (E.D. Cal. June 5, 2024); *Frias v. County of*

12 *San Diego*, No. 3:22-CV-00675-JO-AHG, 2023 WL 8285195 (S.D. Cal. Nov. 29, 2023);

13 *Robinson v. County of San Bernardino*, No. EDCV 23-0836-DMG-PVC, 2023 WL 9420507, at

14 *10, n.6 (C.D. Cal. Sept. 26, 2023); *see also Ruiz*, 2020 WL 4001465, at *3–7.  Section 352.1(a)

15 tolled Plaintiff's claims for two years while he was in continuous custody.  Compl. at ¶¶ 6, 12.

16 Accordingly, the complaint is not barred by the statute of limitations and the Court **DENIES** the

17 motion to dismiss on this basis.

18 **IV.    CONCLUSION**

19       The Court **GRANTS** the motion to dismiss as to the *Monell* claim, but **DENIES** the

20 motion to the extent that Defendants urge the complaint is barred by the statute of limitations.  At

21 this stage in the litigation, the Court cannot say that amendment would be futile.  Plaintiff may

22 therefore file an amended complaint within 21 days of the date of this order.

23       The Court further **SETS** a telephonic case management conference on August 6, 2024, at

24 2:00 p.m. to discuss how to move this case forward efficiently.  The Court **DIRECTS** the parties

---

[5] The Court acknowledges that it has cited *Austin's* interpretation in a prior order that preceded *Mosteiro*.  *See Mehmood v. Ko*, Case No. 18-cv-06653-HSG (PR), Dkt. No. 9.  Having now considered the issue closely, the Court disagrees with *Mehmood* to the extent it cited *Austin* for the premise that "pretrial incarceration does not constitute imprisonment on a criminal charge and thus does not toll the limitations period."  *Id.* at 4.

to submit individual case management statements by July 30, 2024.  The parties shall use the following dial-in information to access the call:

**Dial-In:**  888-808-6929;

**Passcode:**  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated:   6/21/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge